IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSE D. CULPEPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:13-CV-1015-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

### I.    Introduction

The plaintiff, Jesse D. Culpepper ("Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB").  Mr. Culpepper timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Culpepper was sixty-one years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has two masters degrees. (Tr. at 27.) His past work experiences include employment as a middle school teacher and a minister. (*Id.*

at 27.) Mr. Culpepper claims that he became disabled on October 31, 2008, due to status/post (S/P) open reduction internal fixation (ORIF) of right lateral malleolus, diabetes mellitus, and asthma. (*Id.* at 15.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Culpepper met the non-disability requirements for a period of disability and DIB and met the insured status requirements from October 31, 2008, through December 31, 2010. (Tr. at 15.)  He further determined that Mr. Culpepper has not engaged in substantial gainful activity during his disability period. (*Id.*) According to the ALJ, Plaintiff's S/P

ORIF of right lateral malleolus, diabetes mellitus, and asthma are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither met nor medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ did not find Mr. Culpepper's allegations to be totally credible, and he determined that Mr. Culpepper has the RFC to perform the full range of light work as defined in 20 CFR § 404.1567(b). (Tr. at 16.)

According to the ALJ, Mr. Culpepper is able to perform his past relevant work as a secondary schoolteacher which is defined as "light and skilled." (Tr. at 17.) The ALJ thus concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time from October 31, 2008, the alleged onset date, through December 31, 2010, the date last insured pursuant to 20 CFR § 404.1565." (*Id.*)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See*

*Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* " The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.' " *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for " despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

Mr. Culpepper does not contest that the ALJ's decision was sound based upon the evidence that was before him.  Rather, Plaintiff argues that evidence submitted after the ALJ issued his decision warrants remand because it shows that Plaintiff was indeed disabled from October 31, 2008, through December 31, 2010.

In support of his claim, Plaintiff points to records submitted to the Appeals Council and records submitted for the first time to this Court.  Thus, there are two standards by which the Court is to evaluate Plaintiff's request.  "Section 405(g) [of the Social Security Act] permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'"  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007).  Sentence four remand is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record."  *Id.* at 1269.  Remand to the Commissioner is proper under sentence six when new and material evidence that was not incorporated into the administrative record for good cause comes to the attention of the district court.  *Id.* at 1267; *see also Milano v. Bowen*, 809 F.2d 763, 766-67 (11th Cir. 1987) (emphasis in original) (ordering sentence six remand based on evidence first

properly submitted to the district court).

A.    Sentence Four Remand

After the ALJ issued an unfavorable decision, Plaintiff submitted the following documents to the Appeals Council in asking for review: treatment records from UAB Health Centers dated February 1, 2007; treatment records from Dr. William Fulcher dated March 18, 1993 through June 22, 1993; a letter from Dr. Marshall Boone, Jr. dated January 29, 2013; treatment records from UAB Outpatient Clinic dated August 9, 2012 through January 4, 2013; treatment records from UAB Health System dated August 3, 2012 through December 21, 2012; and treatment records from Dr. Carter Slappey dated July 21, 2011 through August 3, 2011.

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.900(b)). The Appeals Council has discretion not to review the ALJ's denial of benefits. *See* C.F.R. § 404.970(b), 416.1470(b). However, the Appeals Council "must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261. *See also* 20 C.F.R. § 404.970 ("The Appeals Council shall evaluate the entire record including the new and

material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.").  If the Appeals Council refuses to consider new evidence submitted by the plaintiff and denies review, its decision is subject to judicial review because it is an error of law. *Barclay v. Comm'r of Soc. Sec.*, 274 F. App'x 738, 743 (11th Cir. 2008) (*citing Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).  In this case, the Appeals Council stated that it considered both the reasons Plaintiff disagreed with the ALJ's decision and the additional evidence submitted, but found that none of this information provided a basis for changing the ALJ's decision.  (Tr. at 1-2.)  Therefore, the Appeals Council did not err by failing to *consider* the new evidence presented by Plaintiff.

The documents submitted to the Appeals Council are considered under sentence four remand because they were incorporated into the administrative record on appeal. 42 U.S.C. § 405(g) provides the court " power to enter upon the pleadings and transcript of the record, a judgment  affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g).  In order to remand pursuant to sentence four, the court " must either find that the decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the

disability claim." *Moore v. Barnhart*, 405 F.3d 1208, 1210 n.2 (11th Cir. 2005) (quoting *Jackson v. Chater*, 99 F.3d 1086, 1091-92 (11th Cir. 1996)). When reconsidering the Appeals Council's denial of review, the Court must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence [the Appeals Council] must consider in making its decision whether to review the ALJ's decision." *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998). The new evidence must relate back to the time period on or before the date of the ALJ's decision and new evidence is material if there is a reasonable possibility that the new evidence would change the administrative result. 20 C.F.R. § 404.970(b)); *see Falge*, 150 F.3d at 1323.

For evidence to be relevant, it must relate to the time period before the ALJ, which in this case would be from October 31, 2008, through December 31, 2010. *Falge*, 150 F.3d at 1320 (quoting 20 C.F.R. 404.970(b)). The records submitted from 1993 are not chronologically relevant because they pertain to Plaintiff's condition fifteen years before Plaintiff even alleges he became disabled. The evidence submitted relating to Plaintiff's condition in 2011 through 2013 also does not provide a basis for changing the ALJ's decision because these records relate to a period of time after Plaintiff was no longer insured for DIB. Even if this evidence was somehow relevant to show how Plaintiff's condition progressed, it is contradicted by Plaintiff's own

account of his condition shortly after the relevant period suggesting that even for some time after the date he was last insured for DIB he was capable of performing light work.  (Tr. at 17.)   Plaintiff reported that he exercised daily, prepared relatively extensive meals for himself, swept and cleaned his home, washed dishes, washed clothes, went outside his home daily, shopped, attended church regularly, read, fished, and swam (Tr. at 124-28). Plaintiff also stated he could lift 40 pounds and walk one block (Tr. at 129). Additionally, at the administrative hearing, Plaintiff testified he volunteered as a chaplain, visiting hospital patients and writing letters for them (Tr. at 28). These reported daily activities suggest Plaintiff retained the ability to perform light work during the relevant period. Thus, any medical evidence Plaintiff produced that suggested he could not perform light work during the relevant period would conflict with his own statements. Accordingly, such evidence would not create a reasonable possibility of changing the administrative result. *See Leiter v. Comm'r of Soc. Sec.*, 377 F. App'x 944, 949 (11th Cir. 2010) (stating an ALJ is not required to give medical evidence considerable weight if it conflicts with the "the claimant's own testimony regarding her daily activities").  For these reasons, sentence four remand is inappropriate.

> B.    Sentence Six Remand

As noted, Plaintiff also submitted records to this Court that he never presented during his administrative proceedings. These records can also be categorized by their time periods. The first category consists of records relating to the time period prior to the alleged onset date. These include records from: Dr. Rustagi, family physician (1993); Dr. Kirkland, urologist (1993 to 1994); UAB Taylor & Fulcher, attending physicians at UAB hospital (1993 to 1994); Dr. Lyman, attending physician at UAB (2000 to 2005); Target prescriptions (2001); Dr. Fennell, examining physician at Baptist Health Center (2002 to 2007); Dr. Goldstein, orthopedic specialist (2004); Dr. Ferguson, who conducted a sleep study on Plaintiff at UAB Hospital (2007); and portions of Dr. Slappey's, orthopedic surgeon's, reports (2005 to 2009) and Dr. Boone's, Plaintiff's treating physician's, reports (2007 to 2009). The second category consists of records dated during the disability period. These include records from: Dr. McClintock, optometrist who examined Plaintiff's vision (2009-2010); as well as a portion of Dr. Slappey's records (2008). The final category consists of the records relating to the time period after which Plaintiff was no longer insured. These include: RX prescriptions (2013 printout); Dr. Ponce's, orthopedic surgeon's, records (2012); Dr. Stephenson's, orthopedic surgeon's, records (2012); and a portion of Dr. Boone's records (2011 to 2013).

Remand under sentence six of § 405(g) is proper only when new and material evidence that was not incorporated into the administrative record comes to the attention of the district court.  *Ingram*, 496 F.3d at 1267.  "[N]ot every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing."  *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986) (citation omitted).  Remand for consideration of new evidence is appropriate under sentence six if this Court finds the claimant has proven that "(1) there is new, non-cumulative evidence, (2) the evidence is 'material', that is, relevant and probative so that there is a reasonable probability that it would change the administrative result, and (3) that there is good cause for the failure to submit the evidence at the administrative level."  *Keeton*, 21 F.3d at 1067-68 (citing *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988) and *Caulder*, 791 F.2d at 877).  The determination regarding remand based on new evidence is a *de novo* review.  *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).  While the court cannot examine the new evidence, it should remand a case to the Commissioner to consider such evidence if the plaintiff makes a sufficient statutory showing.  *Caulder*, 791 F.2d at 876.

As an initial matter, to the extent the evidence Plaintiff submitted to this Court

relates to the period considered by the ALJ or to the period prior to Plaintiff's alleged onset date, Plaintiff could have submitted it at the administrative level. Plaintiff argues that there is good cause for failure to submit records dated prior to the ALJ's decision because of his attorney's failure to submit this evidence. However, the Supreme Court has imputed an attorney's failure to his client. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'") (citation omitted); *see also Cadet v. State Dep't of Corr.*, 742 F.3d 473, 482 (11th Cir. 2014) (while "fundamental principles of agency law [state that] the agency relationship between an attorney and his client can be severed . . . where counsel acts adversely to his client's interests or commits a serious breach of loyalty to his client," "an agent is not deemed to have acted adversely to his principal's interests simply because he made an unwise or negligent or grossly negligent mistake that harmed those interests. Instead, an agent is deemed to have acted adversely to his principal's interest only when he acts for the purpose

of advancing his own interests or those of another person." ).  Therefore, Plaintiff's

argument that there is good cause because of his attorney's failure to submit

documents in support of his disability is irrelevant as the law is clear that his

attorney's mistakes are attributed to him under the fundamental principles of agency

law.  Thus, Plaintiff lacks good cause for failing to submit the evidence dated before

the ALJ's decision during the administrative proceedings.

Assuming for the sake of argument that Plaintiff had demonstrated good cause

for his failure to submit this evidence, the evidence is not material such that it would

change the administrative result.  There are only two sets of records that Plaintiff

introduced before this Court that relate to the disability period.  The first set of

records are Plaintiff's vision records from Dr. McClintock from October 19, 2009.

(Doc.16, p. 75-88.) The other record is from Dr. Slappey, one of Plaintiff's orthopedic

surgeons, from December 22, 2008. (Doc. 16, p. 116.)  The vision records represent

tests conducted on Plaintiff, but have no analysis or explanation of the results.

Further, the records state that glaucoma is only "suspect."  (Doc. 16, p. 77.)  The

December 22, 2008, medical record from Dr. Slappey is also devoid of information

that might establish disability.  In fact, Dr. Slappey discusses how Plaintiff has " good

range of motion in his right ankle and left knee."  (Doc. 16, p. 116.)  Dr. Slappey goes

on to say that "treatment is symptomatic" and recommends "activity as tolerated." (*Id.*) There are no pain medications prescribed or evidence in the record to indicate that Plaintiff was ever prescribed or took pain medication during this time. Since the evidence shows that Plaintiff still had good range of motion and there are no work or activity restrictions further than "activity as tolerated," the evidence does not indicate that Plaintiff would not be able to perform "light and skilled" work. Therefore, the evidence is immaterial and unlikely to change the administrator's result.

Plaintiff has also not established good cause for his failure to submit to the Appeals Council the evidence that relates to the time period after the disability period but between the ALJ's decision, on October 10, 2012, and the Appeals Council's decision, on March 28, 2013. In *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861 (11th Cir. 2012), the court held that treatment records presented by the plaintiff did not provide the plaintiff with good cause for failure to present the evidence to the Commissioner. *Id.* at 863. Even though Plaintiff argued that the records did not exist at the time of the ALJ's decision, the court found that this argument fell short of explaining why Plaintiff did not submit the documents to the Appeals Council while his administrative appeal was pending. *Id.* at 864. Similarly, Plaintiff here could have submitted the documents to the Appeals Council while his appeal was pending.

Plaintiff, while choosing to submit some new documents to the Appeals Council, chose not to include others.  As a result, good cause is lacking for Plaintiff's failure to submit evidence to the Appeals Council that relates to the time period between the ALJ's decision and the Appeals Council's decision.

With regard to the evidence that post-dates the Appeals Council's decision and which is submitted for the first time to this Court, even assuming that good cause exists for Plaintiff's failure to submit the evidence at the administrative level (because the records did not exist at the time, *see Caulder,* 791 F.2d at 878) and assuming, without deciding, that the records are "new and non-cumulative," these records are not "material" such that they would change the administrative result.  *See Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

The evidence Plaintiff submitted dated after the disability period only lists tests and limitations that came about after his disability period ended.  The amendments to the Social Security Act have been interpreted to preclude introducing evidence pertaining to new ailments and worsening conditions.  *See Caulder*, 791 F.2d at 876; *see also Gallina v. Comm'r of Soc. Sec.*, 202 F. App'x 387, 389 (11th Cir. 2006) (holding that the evidence, tests which the claimant had submitted to the district court, were not material as they were conducted after the ALJ's decision and therefore reflective

of a worsening condition rather than of the extent of her disability prior to the decision). For example, some of the documents Plaintiff submitted listed that he had a rotator cuff tear in each shoulder. (Doc. 16, p. 17). However, according to one of the records from The Kirklin Clinic at UAB, dated September 19, 2012, the rotator cuff tear did not occur until 2011, which is after the end of his disability period. (Doc. 16, p. 111.) Additionally, Dr. Boone, Plaintiff's treating physician, wrote a letter in support of Plaintiff's disability claim in January 2013, describing his various injuries and conditions, and stating that they are ongoing, progressive, and will worsen with time. (Doc. 16, p. 17.) Dr. Boone went on to state that these problems will prevent Plaintiff from continuing to work. *Id.* He indicated that based on an evaluation done in 2013, Plaintiff could only occasionally lift ten pounds, could not make pushing or pulling movements (arm and/or leg controls), could only walk only up to ten minutes at a time, and should not bend or stoop. (Doc. 16, p. 99.) However, the doctor's evaluation was on Plaintiff's capacities as they existed in 2013. The only evidence Dr. Boone offered to support that Plaintiff was disabled during the disability period was the doctor's conclusory statement that he was "writing in support of Plaintiff's application for disability benefits." *See id.* Contrary to Dr. Boone's findings, Plaintiff himself stated in a questionnaire during the relevant time period that he swam every

two or three weeks, albeit for limited distances and times, and that he could lift forty pounds.  (Tr. at 128-29.)  Additionally, Dr. Zimmerman, a state-agency one-time examining physician, examined Plaintiff during the relevant time period and determined that Plaintiff could occasionally lift twenty pounds, walk about six hours in an eight-hour workday, stoop or kneel frequently, and was unlimited in making pushing and pulling movements.  (Tr. at 38.)  As such, Dr. Boone's opinion does not show that Plaintiff was disabled from October 31, 2008 to December 31, 2011, but simply indicates that Plaintiff's condition may have worsened after that, a finding that is irrelevant under the regulations.  These records do not create a reasonable possibility that the administrator's result would change and thus, are immaterial.

In sum, the evidence Plaintiff submitted dated prior to his disability onset date and dated during the relevant period does not warrant remand under sentence six because Plaintiff failed to establish good cause for his failure to submit it.  The evidence Plaintiff submitted that relates to the time period after his disability period also does not warrant remand under sentence six because, even assuming it is new, non-cumulative, and Plaintiff had good cause for his failure to submit it, the evidence is not material because it has no bearing on Plaintiff's conditions during the time period considered by the ALJ and would not likely change the administrative result.

IV.    Conclusion

Upon review of the administrative record, and considering all of Plaintiff's arguments, the Court finds the Commissioner's decision is supported and in accord with the applicable law. A separate order will be entered.

Done this 6th day of August 2014.

L. Scott Coogler
United States District Judge

[160704]